IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE McDUFFIE, )
                Plaintiff )
                )
  vs. ) Civil Action No. 08-55
                ) Judge Arthur J. Schwab/
JOSEPH DUPONT, Hearing Examiner; ) Magistrate Judge Amy Reynolds Hay
LOUIS S. FOLINO, Superintendent, )
                Defendants )

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the complaint in the above-captioned case [Doc. 1] be dismissed for failure to prosecute.

II. Report

On January 14, 2008, George McDuffie ("McDuffie" or "the Plaintiff") filed a civil rights complaint against the Defendants listed in the above caption. He alleges that his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when he was not permitted to call witnesses on his behalf during the course of a prison misconduct hearing. He also alleges that his Fourteenth Amendment rights were violated when this error was not corrected during the administrative appeal process.

On February 20, 2008 this Court issued an Order [Doc. 2] directing that he complete or sign a form constituting a Motion to Proceed *in forma pauperis*. That form was to to include a certificate of an authorized officer as to the amount of money and securities on deposit

in McDuffie's prison account or a proper affidavit explaining his inability to obtain the certificate. He could also elect to pay the $350.00 filing fee. McDuffie was also advised that he had failed to complete and file the new selection form indicating whether he consented to have a U.S. Magistrate Judge conduct all proceedings in his case. A copy of the selection form and an explanation thereof were provided to McDuffie with a copy of the Order. The Order set a 3/5/2008 deadline for completion and filing of the required paperwork. To date, McDuffie has not responded.

The punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising that discretion, the Court must consider the following six factors listed in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984):

>   (1)  The extent of the party's personal responsibility.
>
>   (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>   (3)  A history of dilatoriness.
>
>   (4)  Whether the conduct of the party or the attorney was willful or in bad faith.
>
>   (5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>   (6)  The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of George's Petition.

Since filing his Complaint, McDuffie has not communicated with the Court. His failure to respond to the Order appears to constitute dilatory conduct, demonstrates a lack of personal

responsibility, and may well rise to the level of bad faith.

The prejudice caused to the Defendants by McDuffie's failure to comply with this Court's Order does not appear to extend beyond that associated with general delay, and the merits of McDuffie's claims have yet to be evaluated. Neither of these Poulis factors weighs strongly in favor of or against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal. Since the Petitioner has not indicated that he is able to pay the filing fee in this case, monetary sanctions would likely be meaningless. It is, therefore, respectfully recommended that McDuffie's petition be dismissed. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections to this Report and Recommendation on or before April 28, 2008. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: April 11, 2008

cc:  George McDuffie
     EW-0970
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370